GEORGE S. WHEELER, APPELLANT, *v.* THEODORE F. JACKSON, AS REGISTRAR OF ARREARS OF THE CITY OF BROOKLYN, RESPONDENT.

WILLIAM M. MACFARLANE, APPELLANT, *v.* SAME, RESPONDENT.

*Constitutional law — right of the legislature to fix a time within which rights, then existing under prior contracts, must be enforced — 1885, chap. 405.*

Chapter 405 of 1885, amending the charter of the city of Brooklyn, provides that no action or special proceeding shall thereafter be brought or maintained against the city of Brooklyn, or the registrar of arrears of said city, to compel the execution or delivery of a lease upon any sale for taxes, assessments or water rates made more than eight years prior to the passage of the act, unless such action or special proceeding shall be commenced within six months after the passage of the act. It further provides that after the expiration of the said six months it shall be the duty of the registrar of arrears to cancel in his office all such sales made more than eight years prior to the passage of the act upon which no leases shall have been given and no action commenced. The plaintiffs, who held certificates for such sales, bearing dates extending from March, 1868, to May, 1877, by the terms of which they were entitled to leases after the expiration of the two years, unless redeemed, or to the money paid without

interest, if any irregularity was discovered, brought this action to restrain the registrar of arrears from canceling such sales, upon the ground that the provision of the act requiring such cancellation was unconstitutional and void, as impairing the obligation of their contracts.

*Held,* that the act did not impair the obligation of any contract, but operated as a statute of limitations, fixing a time within which the rights secured by the contracts must be enforced, and that as the time allowed for that purpose was a reasonable one, the act was valid.

APPEALS from judgments, entered upon orders sustaining demurrers interposed to the complaint, and from orders denying motions for temporary injunctions.

The actions were brought by the respective plaintiffs, who had purchased property in the city of Brooklyn upon sales for unpaid taxes and assessments, to restrain the registrar of arrears from canceling said certificates as required by chapter 405 of 1885, upon the ground that the said act violated the provisions of the Constitution in impairing the obligations of a contract.

The following opinion was delivered at the Special Term by CULLEN, J. :

Under the provisions of the charter the purchaser at a tax sale is entitled to a lease of the premises sold after the expiration of two years, unless the sale has been redeemed by the owner. The purchaser obtains for his purchase-money the right to possession of the land for the term for which it was sold. The statute, the validity of which is assailed, directs that after the expiration of six months from the date of the act, as to sales made more than .eight years previous, no lease shall be given, and the sales shall be canceled by the registrar of arrears. The effect of this act is to compel the tax buyer to take out a lease, or bring an action to foreclose the sale within six months, or in default thereof to forfeit his purchase. No question is made that the time allowed by the act is not reasonable; but it is claimed that the right of the purchaser cannot be subjected to any limit not prescribed at the time of the sale to him. I think this claim untenable. It is settled by authority that the lien of a tax may be barred by the statute of limitations (*Fisher* v. *Mayor, etc.,* 67 N. Y., 73), and it seems conceded that a sale falls within the same rule. (*Jenkins* v. *Fahey,* 73 N. Y., 364.) This court · has held, in *Orr* v. *Remsen,* that tax and assessment

sales more than twenty years old, upon which no lease had been executed, did not constitute valid objections to a title offered a purchaser at a judicial sale. If the claims of the tax-buyers are subject to any statute of limitations, it is undoubtedly within the power of the legislature to shorten the time prescribed by the statute, so long as a reasonable time is left after such alteration in which the claim may be enforced. (*Morse* v. *Goold*, 11 N. Y., 288; *Hawkins* v. *Barney*, 5 Peters, 466; Cooley Const. Lim., 357.)

As before stated, the right acquired by the tax-buyer was the right to possession of the land. This right was vested, and doubtless could not be invaded by legislation. But the legislature might act on the remedy and prescribe any formalities to be observed by the buyer; and for a failure to comply with such formalities direct the forfeiture of the rights acquired, always provided that the substance of the contract was not affected. In this case the buyers had the right to a lease. That right is not taken away, but it is provided that the lease must be taken in six months, otherwise that the right be lost. In *Butler* v. *Palmer* (1 Hill, 324), mortgaged premises had been sold under foreclosure during the existence of a statute giving the mortgagor or his assignee the right to redeem at any time within one year from the sale. Subsequently the statute was repealed, the repeal to take effect on November first following, less than a year after the sale mentioned. It was held that the statute affected prior sales, and that the defendant's right to redeem was lost after November 1, 1838. I think the principle in this case is not to be distinguished from the one decided in the case cited. It follows that the act under consideration is valid, and that the motion for an injunction should be denied and the application for a *mandamus* granted. Ten dollars costs to prevailing party in each case.

*John J. Townsend*, for the appellants.

*Almet F. Jenks* and *Richard B. Greenwood*, for the respondent.

DYKMAN, J.:

It is the object of this action to procure a perpetual injunction against the defendant, who is the registrar of arrears of the city of Brooklyn, which shall restrain and prevent the cancellation of

certain sales for taxes, and also the records of such sales in his office. The plaintiffs in these actions became purchasers at various sales of real property for unpaid taxes and assessments, and received certificates of such sales bearing dates from March 17, 1868, to May 22, 1877, inclusive. By the terms of these certificates the holders were entitled to a lease of the lots designated therein after the expiration of two years from their respective dates unless they were redeemed, and if any irregularity was discovered they could recover the money paid without interest. Such were the rights and such the relative situation of these parties down to the 6th day of June, 1885, when an act was passed by the legislature of the State, amending the charter of the city in many respects enumerated therein.

The portion brought into view by this action is section 15, in these words: "None of the provisions of this act hereinbefore contained shall affect any sale for taxes, assessments or water rates heretofore made in said city, or the rights of the parties or the proceedings thereunder, but the same shall remain the same as though this act had not been passed, provided, however, that no action or special proceeding shall hereafter be brought or maintained against the city of Brooklyn, or the registrar of arrears of said city, to compel the execution or delivery of a lease upon any sale for taxes, assessments or water rates made more than eight years prior to the passage of this act unless such action or special proceeding is commenced within six months after the passage of this act, and notice thereof filed in the office of the registrar of arrears, but this provision shall not operate to extend any statute of limitations now applicable in such cases, and after the expiration of six months from the passage of this act it shall be the duty of the registrar of arrears to cancel in his office all such sales made more than eight years prior to the passage of this act, upon which no lease shall have been given and no action commenced, and notice thereof filed as aforesaid, within the period hereinbefore limited therefor, and thereupon the lien of all such certificates of sale shall cease and determine."

It is the claim of these plaintiffs that the second clause of this section of the law annuls their contracts, and is therefore void, because it is interdicted by that portion of the Constitution which inhibits the passage of laws impairing the obligation of contracts.

If the fact assumed in this proposition was established, the result claimed would necessarily follow, but the difficulty encountered by the plaintiffs is that the assumption cannot be maintained. The section of the law construed together does not operate on the rights of the plaintiffs except to preserve them. It imposes on the registrar of arrears a duty to cancel in his office all such sales made more than eight years prior to the passage of the law, where no leases have been given, six months after the passage of the act. This is a short statute of limitations, affording the plaintiffs six months from its passage in which to exercise their right to demand their leases; after the expiration of that period their rights were barred, and their sales were required to be canceled.

The statute left a substantial remedy remaining in the hands of the plaintiffs, and, therefore, the obligation of their contract was not impaired within the meaning and prohibition of the fundamental law. That restraint extends to the impairment and suspension of the duty of performance of the contract, and not to a modification of the remedy in the wisdom of the legislature. The limitations prescribed by positive law constitute no part of a contract, and legislation which merely alters or limits a remedy, but yet preserves an existing remedy in substance in the ordinary course of justice, is not violative of the organic law. (Cooley's Const. Lim., 358.) Before the passage of the law under consideration the claim of a tax purchaser might be barred by lapse of time, and all that this affects is the curtailment of that period.

Our view coincides with the opinion of Mr. Justice CULLEN delivered at the Special Term, and the judgment there rendered should be affirmed, with costs.

BARNARD, P. J., concurred; CULLEN, J., not sitting.

Judgment affirmed, with costs.